Case 14-29940   Filed 11/13/14   Doc 28

**2**

JAN P. JOHNSON
Standing Chapter 13 Trustee
Kristen A. Koo, State Bar #230856
Karin M. Bruce, State Bar #292245
P. O. Box 1708
Sacramento, California 95812-1708
(916) 492-8001
pobox1708@jpj13trustee.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No: 14-29940-A-13J |
| | ) | DC No.: JPJ-1 |
| | ) | |
| LORNA SISON, | ) | **TRUSTEE'S OBJECTION TO** |
| | ) | **CONFIRMATION OF THE CHAPTER** |
| | ) | **13 PLAN** |
| | ) | |
| | ) | DATE: DECEMBER 1, 2014 |
| | ) | TIME: 1:30 P.M. |
| Debtor(s) | ) | COURTROOM: 28 |

JAN P. JOHNSON, CHAPTER 13 TRUSTEE, objects to confirmation of the Debtor(s) Plan and does not recommend its confirmation as:

1. The Trustee is unable to fully assess the feasibility of the Plan or effectively administer the Plan filed October 4, 2014 as the terms for payment of the Debtor's attorney's fees are unclear. At Section 2.07, the plan specifies a monthly payment of $0.00 for administrative expenses. It is impossible for the Trustee to pay the balance of the Debtor's attorney's fees and any other administrative expenses through the plan with a monthly payment specified at $0.00.

1

2. The claim of US Bank is misclassified as a Class 1 claim. The pre-written language of the form plan at Section 2.08(c) states "Other than to cure any arrearage, this plan does not modify Class 1 claims". According to the Additional Provisions, the creditor will not receive ongoing monthly contractual payments, but will receive an "adequate protection" payment of $1,000.00 per month pending the approval of a loan modification. The claim is not a Class 1 claim in substance, meaning that it is not a claim that will, in accordance with 11 U.S.C. §1322(b)(5), receive ongoing monthly contractual payments. Because the Additional Provisions specifically state that the creditor will receive "adequate protection" payments instead of the ongoing monthly contractual payments, the Plan filed October 4, 2014 modifies the claim which is impermissible pursuant to 11 U.S.C. §1322(b)(2) and §1325(a)(1).

3. The Debtor has since filed two subsequent Amended Chapter 13 Plans and set them for hearing; the First Amended Chapter 13 Plan was filed on November 4, 2014 and set for hearing on January 5, 2015 and the Second Amended Chapter 13 Plan was filed on November 7, 2014 and also set for hearing on January 5, 2015. It therefore appears that the Debtor does not intend to prosecute this Plan filed October 4, 2014.

WHEREFORE the Trustee prays that the Court enter an order denying confirmation of the Debtor's plan. The Trustee consents to the Court's resolution of disputed material factual issues pursuant to FRCivP 43(c) as made applicable by FRBP 9017.

Dated: November 12, 2014

/s/ Kristen A. Koo
KRISTEN A. KOO, Attorney for Trustee

2